IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2007

Charles R. Fulbruge III
Clerk

No. 03-11248

RONALD CURTIS CHAMBERS

Petitioner - Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
(99-CV-1283)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

This court previously affirmed the district court's denial of Ronald
Chambers's petition for a writ of habeas corpus. Chambers v. Quarterman, 191
F. App'x 290 (5th Cir. 2006). The Supreme Court vacated and remanded the
case for further consideration in the light of Abdul-Kabir v. Quarterman, 127
S.Ct. 1654 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Upon reconsideration in the light of Abdul-Kabir, we conclude that Chambers's mitigating evidence of his exposure to violence and drugs, his lack of role models, and his lack of economic opportunity while being raised in the projects of west Dallas, had, in the view of five members of the Supreme Court, relevance to a reasoned moral judgment in imposing the death penalty, which evidence could not be given meaningful effect in answering the special issues on deliberateness and future dangerousness.[1] On the one hand, this evidence set out above is not properly considered as rebuttal evidence to future dangerousness, and instead could be viewed as aggravating evidence because jurors might find that it made him more likely to commit acts of violence in the future than a defendant who came from a more stable environment. Yet, on the other hand, a properly instructed jury could have concluded that Chambers was less morally culpable for his crime because of his disadvantaged upbringing and would have had no means, under the deliberateness and future dangerousness instructions, of giving the evidence such effect. Thus, there is a reasonable likelihood that the instructions to the sentencing jury prevented the jurors from giving meaningful consideration and effect to that evidence. Furthermore, the state habeas court unreasonably applied clearly established federal law, as determined by the Supreme Court, when it concluded that the "nullification" instruction, which directed jurors to answer at least one of the special issues "no"

---

[1] The State is absolutely correct in its argument that Chambers's punishment phase defense was premised entirely on the lack of future dangerousness. In closing argument, Chambers's counsel argued that the evidence of Chambers's upbringing in a depressed, crime-infested neighborhood, along with the other mitigating evidence Chambers presented, supported a "no" answer to the special issue on future dangerousness. As the State correctly notes, there was very scant evidence of his upbringing in the ghetto, and the overwhelming focus of the testimony of all of Chambers's witnesses was on his positive character traits. Nevertheless, Chambers's counsel was constrained by the sentencing instructions and special issues, which narrowed the jury's focus to the issues of deliberateness and future dangerousness. Therefore, Chambers cannot be penalized because his counsel did not specifically argue that Chambers was less morally culpable as a result of his disadvantaged upbringing.

if they found that a life sentence rather than a death sentence was an appropriate response to Chambers's personal moral culpability, allowed the jury to consider and give effect to his mitigating evidence. Accordingly, we REVERSE the judgment of the district court denying habeas relief, and REMAND with instructions to grant the writ and require a resentencing of Chambers within a reasonable time to be determined by the district court.[2]

REVERSED and REMANDED with instructions.

---

[2] Our prior opinion affirming the denial of habeas relief on Chambers's remaining claims is reinstated.